UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDLE GRIFFIN, | Civil Action No.: 18-10359 |
| | Honorable Denise Page Hood |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |

v.

B. HOFFMAN, *et al.*

        Defendants.

_____/

## ORDER RESOLVING ECF NOS. 52, 53, 54, 62, 66

Plaintiff Randle Griffin, a pro se prisoner, sues Defendants Hoffman, Geyer, and Gates, former employees of Trinity Services Group, Inc., a contractor formerly providing food service to the Michigan Department of Corrections (MDOC) at its St. Louis Correctional Facility. ECF No. 1; ECF No. 27; ECF No. 32. Griffin asserts that defendants violated his First Amendments rights by conspiring to terminate him from his prison food service job in retaliation for the grievance he filed against Hoffman. ECF No. 1. The Honorable Denise Page Hood referred this matter to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b). ECF No. 58.

In July 2020,[1] Griffin filed two discovery motions; one for leave to take written deposition and another to serve subpoenas on non-parties for production of documents. ECF No. 53; ECF No. 54. Along with responding to Griffin's motions, defendants moved to quash Griffin's motion for leave to take written deposition. ECF No. 52.

The initial case management order required discovery to be completed by August 4, 2020, and dispositive motions to be filed by September 4, 2020. ECF No. 37. But the Court stayed those deadlines until the pending discovery motions were resolved. ECF No. 61. Soon after, Griffin moved "to withdraw plaintiff's subpoena to depose non-party witness Ms. Allen." ECF No. 62. In October 2020, Griffin also moved to compel discovery. ECF No. 66. Briefing on these motions is complete. ECF No. 52; ECF No. 57; ECF No. 59; ECF No. 63; ECF No. 64; ECF No. 65; ECF No. 68; ECF No. 69.

The Court resolves these motions below.

---

[1] Griffin's motions are dated July 9, 2020, but they were not docketed until July 29, 2020 due to the global pandemic. ECF No. 53; ECF No. 54.

I.  **Motion for Leave to Take Written Deposition ECF No. 53;**
    **Motion to Quash and Response to Motion for**
    **Leave to Take Written Deposition ECF No. 52;**
    **Motion to Withdraw Plaintiff's Subpoena to**
    **Depose Non-Party Witness ECF No. 62**

Griffin moved for leave to depose a non-party MDOC employee, Ms. Allen.  ECF No. 53.  Defendants opposed Griffin's motion and moved to quash the subpoena.  ECF No. 52.  Griffin then moved to withdraw his motion, stating he no longer sought leave from the Court to depose Ms. Allen.[2]  ECF No. 62.  Since Griffin no longer seeks to depose Ms. Allen, defendants' motion to quash, ECF No. 52, is **DENIED** as moot.

II. **Motion for Service of Subpoenas for Production of**
    **Documents and Video Footage ECF No. 54**

Griffin moves the Court to order the U.S. Marshal to serve a subpoena on non-party MDOC Director, Heidi Washington.[3]  ECF No. 54. Defendants oppose Griffin's motion because the subpoena, dated July 9, 2020, could not be served, complied with, or enforced before the discovery

---

[2] In this motion, Griffin also reiterated requests for relief he sought in other motions pending.  ECF No. 62.
[3] Griffin included the subpoena directed to Ms. Allen in this motion.  But as noted, he withdrew his request to depose Ms. Allen.

3

cut-off date of August 4, 2020.  ECF No. 64, PageID.354.  Defendants also argue that an order requiring the U.S. Marshals Service to serve the subpoena is not required under Federal Rule of Civil Procedure 45.  ECF No. 64, PageID.354.  The Court disagrees and will order the U.S. Marshals Service to serve the subpoena on Ms. Washington.

Griffin moved to direct service of the subpoena just under a month before the close of discovery.  ECF No. 54.  The subpoena allowed three weeks to comply by producing the request documents and video footage. *Id.*, PageID.315.  Theoretically, the subpoena could have been satisfied by the original discovery cut-off date.  But the Court stayed the August 4, 2020 discovery cut-off date pending the resolution of the pending motions.  Either way, and particularly under the extenuating circumstances of a global pandemic, Griffin's subpoena should not be quashed as untimely.

Rule 45(b)(1) dictates that "serving a subpoena requires delivering a copy to the named person."  Courts are split on whether this language requires personal service.  *See Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753-754 (E.D. Mich. 2011) (collecting cases).  The Sixth Circuit has not conclusively decided whether Rule 45 mandates personal service, but it appears that the consensus within this district is "to allow service of a subpoena by alternate *once the party seeking evidence*

*demonstrates an inability to effectuate service after a diligent effort.*" *Id.* (emphasis added). In other words, personal service of the subpoena must be attempted before alternate means may be implemented.

In prisoner cases, courts have held that the U.S. Marshals Service has a duty to serve a subpoena *duces tecum* under 28 U.S.C. § 1915(d). *See Hazelwood v. Webb*, 2007 WL 2815583, at *4 (W.D. Ky., Sept. 26, 2007) ("[A]n indigent plaintiff need not tender any witness or mileage fee with a subpoena duces tecum in order to trigger the U.S. Marshals' duty to serve the subpoena duces tecum."). Thus, Griffin has a right to have the Marshals Service serve his subpoena. The Court **GRANTS IN PART** Griffin's motion for service of subpoenas for production of documents and video footage. ECF No. 54. Because Griffin is incarcerated and to save time, the Court will reissue the subpoena directed to Heidi Washington, and direct the U.S. Marshals Service to personally serve it upon Ms. Washington at the MDOC.

### III.   Motion to Compel ECF No. 66

Finally, Griffin moves to compel production of phone records, faxes, letters, text messages, email messages, and other forms of electronic communications generated between the defendants from October 2017 to

present and which mention Griffin or this case. ECF No. 66, PageID.396. He argues that defendants waived any objection to his request for these records by failing to raise them within the 30 days permitted under Federal Rule of Civil Procedure 34(b)(2). Griffin asserts that he served his amended request for production of documents on May 18, 2020. *Id.*, PageID.380. He maintains that he never received a copy of defendants' responses, including their objections, which they claim to have served on Griffin on June 30, 2020. ECF No. 66, PageID.382. But even if defendants did serve those objections on Griffin on June 30, they did not do so within the 30-day period under Rule 34(b)(2). Defendants do not address their tardiness, yet they argue that they did not waive any objections. ECF No. 68, PageID.406.

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitute a waiver of any objection." *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001). The court in *Carfagno* reasoned:

> If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action…[a]ny other result would completely frustrate the time limits contained in the Federal Rules and give license to litigants to ignore time limits for discovery without any adverse consequences.

*Id.* But courts must determine whether waiver is equitable before finding a

party's tardy objections waived. *Caldwell v. 9173-7999 Québec, Inc.*, 2019 WL 6907349, at *2 (E.D. Mich. Dec. 19, 2019). They "should 'examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests.'" *Id.* (quoting *Carfagno*, 2001 WL 34059032, at *1).

Like the defendants in *Caldwell*, defendants here have not explained the delay in asserting their objections. *Id*. They do not recognize that they responded nearly two weeks after the Federal Rule's 30-day deadline, nor do they offer any factual or legal support for their bald contention that they never waived their objections. These circumstances do not excuse defendants' tardy objections. *See id.*

As to prejudice, although the defendants' delay was not long, it was still significant here because discovery was then scheduled to close on August 4, 2020. *See id*. ("[S]ome degree of prejudice is inherent in any significant delay of information that might lead to further relevant discovery."). With just under seven weeks left to pursue further discovery, the loss of two weeks cannot be discounted as inconsequential.

In assessing the facial propriety of a discovery request, "courts have an independent duty . . . to confirm the request is relevant to the subject matter involved in the action." *Id*. (internal quotation omitted). Based on

7

Griffin's allegations that defendants conspired to terminate him from his high-paying food-service prison job in retaliation for filing a grievance against Hoffman, the request for communications between the defendants about Griffin is certainly relevant.

Aside from defendants' conclusory assertion that their communications about Griffin are "wholly irrelevant," defendants' objection to producing the requested material seems to be that defendants' former employer does not possess or control defendants' phone, text or email records.  ECF No. 68, PageID.405.  This protest misses the mark.  Griffin is not seeking these records from defendants' former employer, which is not a party to this action; he is requesting them directly from the individual defendants.  Parties must produce responsive documents or electronically stored information (ESI) in their "possession, custody or control."  Rule 34(a).  "[F]ederal courts have consistently held that documents are deemed to be within the possession, custody or control for purposes of Rule 34 if the party has *actual* possession, custody or control, or has the legal right to obtain the documents on demand."  *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (internal quotation marks omitted) (emphasis in original).  Thus, defendants must produce the responsive ESI in their actual possession or that they could obtain from their mobile phone and internet

service providers. *See Hayse v. City of Melvindale*, 2018 WL 3655138, at *7 (E.D. Mich. Aug. 2, 2018). Because records of telephone calls would not show whether Griffin was the subject of the call, the request for those records is not proportional to the needs of the case. But the rest of Griffin's disputed request for production is facially valid and defendants have waived any objection to it.

Defendants also argue that Griffin's motion to compel should be denied as untimely because he did not file it within 14 days of notice of the discovery dispute, as required by the Court's Case Management Order. ECF No. 37. But Griffin asserts in his motion that he never received defendants' tardy objections to his requests. ECF No. 66. He says that, based on conversations with defendants' prior counsel, he also believed that further responsive production would be provided until he received the September 25, 2020 letter from defendants' new counsel, which definitively stated that no other documentation would be produced. ECF No. 66, PageID.380-381, 387. That letter provided Griffin with notice of the dispute over his discovery request, and he moved to compel 12 days later. ECF No. 66, PageID.385-387. The Court finds that under the circumstances, particularly that defendants substituted their counsel during the parties' discussions about these discovery requests, Griffin's motion to compel was

timely under the case management order.  ECF No. 37.

Thus, the Court **GRANTS IN PART** Griffin's motion to compel, ECF No. 66; the faxes, letters, text messages, email messages and other forms of electronic communications generated between the defendants from October 2017 to present and which mention Griffin or this case must be produced to Griffin.

In summary and for the reasons discussed, Griffin's motion for leave to take written deposition, ECF No. 53, was withdrawn by ECF No. 62, and defendants' motion to quash the subpoena for that deposition, ECF No. 52, is **DENIED** as moot.  Griffin's motion for service of subpoenas on non-party witnesses, ECF No. 54, is **GRANTED IN PART**.[4]  Griffin's motion to compel, ECF No. 66, is **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated: March 22, 2021  s/ Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
 United States Magistrate Judge

---

[4] The Court will issue a separate order directing the Marshal Service to serve the subpoena.

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
