UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDLE GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>HOFFMAN, *et al.*,<br><br>Defendants. | Case No. 18-cv-10359<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 101)**

### I.  Introduction

Plaintiff Randle Griffin, a prisoner under the Michigan Department of Corrections' (MDOC) jurisdiction, filed this pro se civil rights action under 42 U.S.C. § 1983 against Defendants Hoffman, Geyer, and Gates, former employees of an MDOC contractor.  ECF No. 1.  Griffin claims that defendants gave him a false misconduct ticket in retaliation for his grievances against them, resulting in Griffin's termination from his prison food service job.  *Id.*  Griffin asserts a First Amendment retaliation claim. *Id.* at PageID.6-7.

The Honorable Denise Page Hood referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 58. Defendants move for summary judgment for failure to exhaust administrative remedies. ECF No. 101. For the reasons below, the Court **RECOMMENDS** that defendants' motion be **GRANTED**.

II.  Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the administrative process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must

offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

A retaliatory misconduct claim cannot be exhausted through the grievance process. MDOC Policy Directive (PD) 03.02.130 states that decisions about misconduct are non-grievable and must be challenged through a hearing. *See* ECF No. 93, PageID.611-612, ¶ F.[1] Thus, the "only avenue" for exhausting a retaliation claim stemming from a misconduct ticket is by raising it at the misconduct hearing. *Smith v. Pallas*, No. 18-1933, 2019 WL 7946345, at *3 (6th Cir. Nov. 7, 2019); *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). And "if the prisoner does not successfully resolve the dispute at the misconduct hearing, he must 'file a motion or application for rehearing in order to

---

[1] Griffin argues that no MDOC policy requires him to raise retaliation at the misconduct hearing. ECF No. 106, PageID.786. This argument lacks merit considering PD 03.02.130 and the cited caselaw.

exhaust his or her administrative remedies before seeking judicial review of the final decision or order.'"  *Smith*, 2019 WL 7946345, at *3 (quoting Mich. Comp. Laws § 791.255(1)) (cleaned up).  MDOC Policy Directive 03.03.105 provides that a prisoner found guilty of a class II misconduct may submit an appeal to the deputy warden within 15 days of receiving a hearing officer's written decision.  ECF No. 106, PageID.797, ¶ TTT.

The hearing report shows that Griffin disputed the substance of the misconduct ticket but did not claim that it was retaliatory.  ECF No. 101-4, PageID.723.  Geyer reported that Griffin threw salad mix into the trash in violation of a direct order, whereas Griffin maintained that another food service worker put the salad away.  *Id.*  The hearing report did not reference retaliation.  *Id.*  And Griffin does not claim in his response that he raised retaliation during the hearing.  ECF No. 106.  Thus, there is no factual dispute that Griffin failed to exhaust his claim by raising retaliation during the misconduct hearing.  *See Butler v. Scholten*, No. 1:19-CV-449, 2020 WL 5798088, at *4 (W.D. Mich. Sept. 29, 2020).

Nor did Griffin raise the retaliation claim in his appeal from the misconduct hearing.  The appeal disputes the evidence presented during the hearing but does not address retaliation.  ECF No. 106, PageID.798-

5

799.[2]  Since Griffin did not raise retaliation in his appeal, he failed to exhaust his claim.  See *Chrzan v. Mackay*, No. 1:19-cv-116, 2020 WL 1067291, at *3 (W.D. Mich. Feb. 3, 2020) (retaliatory misconduct claim was not exhausted because the plaintiff failed to raise retaliation in his misconduct hearing or in his appeal).  The retaliation claim should be dismissed.

### III.   Conclusion

The Court **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** (ECF No. 101), and that Griffin's case be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: January 3, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation,

---

[2] Defendants assert that the appeal form should be excluded from evidence under Federal Rule of Civil Procedure 37(b)(2)(A) because Griffin failed to disclose it in response to a discovery request.  ECF No. 107, PageID.813 n.1.  The Court need not address this argument, since the appeal shows that Griffin failed to exhaust his retaliation claim.

any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

7

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the above document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2023.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager